

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00001-CR
_____

ROGER TANIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 06F0329-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Before the State successfully prosecuted its motion to revoke, Roger Tanis had been on a five-year term of community supervision for possession of a controlled substance in 2007. The State's motion to revoke alleged numerous violations of the conditions of community supervision, including failure to make monthly payments and failing to report. Tanis pled true to all allegations and was sentenced by the trial court to two years' incarceration in a state jail facility.[1]

Tanis' attorney on appeal from the revocation has filed a brief sketching out the course of the revocation and stating that he has reviewed the record and has found no issues that could be raised. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced, fulfilling his legal obligation. *See Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Tanis April 23, 2012, followed by a letter of April 30, 2012, informing Tanis of his right to file a pro se response and offering to provide him with a copy of the record to review. Tanis has filed no response or any request for additional time in which to prepare a brief. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See*

---

[1] The original judgment of revocation provided no time credit for two months Tanis was jailed in Michigan on a detainer. That was, however, corrected by a judgment nunc pro tunc.

*Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


Josh R. Morriss, III
Chief Justice

Date Submitted:    July 3, 2012
Date Decided:    July 11, 2012

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.